UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VALENCIA LOWE, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:09-cv-3570 |
| WHITEHEAD CARGO CONSULTANTS LLC, and REBECCA WHITEHEAD, | § § § § | |
| Defendant. | § § | |

## ORDER

Pending before the Court is Third-Party Defendants SIG/SIG Insurance Services' and Talbert Troy Brimage's 12(b)(6) Motion to Dismiss (Doc. No. 22).

After considering the Motion, all responses thereto, and the applicable law, the Court finds that the Motion must be granted.

I.   BACKGROUND

This case arises out of an injury suffered by Plaintiff Valencia Lowe ("Plaintiff" or "Lowe") while working for Defendant Whitehead Cargo Consultants, LLC, of which Defendant Rebecca Whitehead serves as Owner and President (collectively "Defendants" or "Whitehead"). Lowe was employed by Whitehead as an hourly employee. (Compl. ¶ 7.) She alleges that she worked as cargo inspector at the Port of Freeport, Texas, which involved boarding vessels, checking cargo for damages, comparing manifests against delivered cargo, and keeping records of damaged cargo. (*Id.*) Lowe further alleges that, while on the job, she was injured as she checked cargo on a dock next to a vessel hold. (*Id.* ¶ 8.) Specifically, she claims that a roll of paper measuring approximately six feet high and six to eight feet wide, and weighing several thousand pounds, struck her as it was being moved into the vessel hold for loading. (*Id.*) Lowe

1

fell forward into another roll of paper and allegedly sustained injuries to her back, legs, and body. (*Id.*) Lowe claims that she underwent spinal surgery as a direct result of this injury.

Lowe filed suit against Defendants, alleging that their failure to maintain a safe work place and their refusal to pay benefits under the Longshore Harbor Workers' Compensation Act ("LHWCA") constitutes employer negligence. Lowe cites 33 U.S.C. § 905(a) as a bar to any affirmative defenses raised by Defendants. She seeks damages in the form of lost wages, medical expenses, and compensation for pain and suffering, disability, and enjoyment of life.

Ports America Texas, Inc. and Ports America, Inc. (collectively "Intervenors" or "Ports America") subsequently sought leave to intervene in this action. Intervenors are named as the only defendants in a state court action brought by Lowe for her alleged injuries and damages resulting from the accident. After being granted leave to intervene, Ports America filed a complaint against Defendants Whitehead for breaching various obligations, including Whitehead's duty to secure payment of no-fault compensation benefits as required by the LHWCA. (Doc. No. 13.) Ports America claims that, as a result of this breach, Whitehead has forfeited all immunity from suit and can be held liable to both Lowe and Ports America, in tort, for Whitehead's role in causing or contributing to the accident. (*Id.*)

Defendants Whitehead subsequently filed a Third-Party Complaint against Troy Brimage ("Brimage") and SIG/SIG Insurance Services, LLC ("SIG/SIG") (collectively, "Third-Party Defendants"). (Doc. No. 19.) In its complaint, Whitehead alleged that it had been issued a Texas Workers Compensation Insurance policy (the "Insurance Policy") by the Third-Party Defendants. (*Id.* ¶ 8.) Whitehead claims that it discussed with the Third-Party Defendants which insurance policy would be appropriate to cover its employees at the Port of Freeport. (*Id.* ¶ 9.) Whitehead alleges that the Third-Party Defendants assured it that LHWCA insurance was not

2

needed to protect Whitehead's employees and that Texas Workers Compensation insurance coverage would be sufficient. (*Id.*) Whitehead contends that it relied on Third-Party Defendants' advice and, as a result, did not obtain LHWCA insurance. (*Id.*) After Lowe's injury, Whitehead alleges that it filed a claim with Southern Vanguard Insurance Company ("Southern Vanguard"), the Insurance Policy carrier. (*Id.* ¶ 10.) The claim was denied due to Southern Vanguard's determination that Lowe was a longshoreman whose injury fell within the LHWCA, therefore requiring LHWCA coverage. (*Id.*) Whitehead states that it does not possess LHWCA insurance coverage. (*Id.*) Whitehead alleges that the Third-Party Defendants' actions constitute a breach of the common law duty of good faith and fair dealing owed by an insurer to its insured, negligence, and promissory estoppel.

Third-Party Defendants have filed a Rule 12(b)(6) Motion to Dismiss. (Doc. No. 22.) Lowe, Whitehead, and Intervenors have not filed responses. The motion is ripe for disposition.

## II. LEGAL STANDARD

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. ---, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

3

*Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* A pleading need not contain detailed factual allegations, but must set forth more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted).

Ultimately, the question for the court to decide is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff. The court must accept well-pleaded facts as true, but legal conclusions are not entitled to the same assumption of truth. *Iqbal*, 129 S. Ct. at 1950 (citation omitted). The court should not "'strain to find inferences favorable to the plaintiffs'" or "accept 'conclusory allegations, unwarranted deductions, or legal conclusions.'" *R2 Investments LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004)). A district court can consider the contents of the pleadings, including attachments thereto, as well as documents attached to the motion, if they are referenced in the plaintiff's complaint and are central to the claims. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000). Furthermore, a Court may refer to matters of public record when deciding a motion to dismiss. *Chauhan v. Formosa Plastics Corp.*, 212 F.3d 595, 595 (5th Cir. 2000). Importantly, the court should not evaluate the merits of the allegation, but must satisfy itself only that plaintiff has adequately pled a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). "Motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citation omitted); *Duke Energy Intern., L.L.C. v. Napoli*, Case No. H-09-2408, --- F. Supp. 2d ----, 2010 WL 3749298 (S.D. Tex. Sept. 21, 2010).

## III. ANALYSIS

Third-Party Defendants have moved to dismiss Whitehead's claim against them for breach of the duty of good faith and fair dealing. Third-Party Defendants argue that the duty of good faith and fair dealing is owed by an insurer to an insured, not by an insurance agent/agency to the insured.

The elements of a cause of action for the breach of the duty of good faith and fair dealing—also known as the tort of bad faith—are: (1) the existence of an insurance contract between the plaintiff-insured and the defendant-insurer, which created a duty of good faith and fair dealing; (2) a breach of the duty by the defendant-insurer; and (3) the breach proximately caused the plaintiff's damages. *Provident Am. Ins. Co. v. Castaneda*, 988 S.W.2d 189, 193 n.13 (Tex. 1998); *Union Bankers Ins. Co. v. Shelton*, 889 S.W.2d 278, 283 (Tex. 1994). The Texas Supreme Court has held that insurance agents who are not parties to the insurance contract or in privity with the insured do not owe a duty of good faith and fair dealing to the insured. *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 697-98 (Tex. 1994). The court traced the development of the duty of good faith and fair dealing to the special relationship between the insured and insurer and the unequal bargaining power between the parties. *Id.*; *see also Arnold v. National Cty. Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987) ("[A] duty of good faith and fair dealing may arise as a result of a special relationship between the parties governed or created by a contract."). Since insurance agents and brokers are not contracting parties with the insured, there is no "special relationship" giving rise to a duty of good faith and fair dealing. *Id.* at 698.

Whitehead's Third-Party Complaint clearly states that the insurance carrier for the Insurance Policy was Southern Vanguard and the underwriter was FirstComp Underwriters Group. (Doc. No. 19 ¶ 8.) Southern Vanguard's status as the insurance carrier is supported by

Whitehead filing a claim with Southern Vanguard under the Insurance Policy for injuries sustained by Lowe. Whitehead is less clear when it discusses the Third-Party Defendant's involvement in the Insurance Policy. On one hand, Third-Party Defendants are described as having "issued" the Insurance Policy to Whitehead. (*Id.* ¶¶ 8, 9.) On the other hand, Whitehead describes the Insurance Policy as "produced" by SIG/SIG and "brokered" by Brimage, since both "are in the business of selling and providing insurance." (*Id.* ¶¶ 8, 16.) Viewing the complaint in the light most favorable to Whitehead, it appears that Third-Party Defendants are not the insurance carrier who entered into the Insurance Policy contract with Whitehead. As such, there is no contract between Whitehead and Third-Party Defendants, or a privity of relationship between the two sides, that would give rise to a duty of good faith and fair dealing. *See Natividad*, 875 S.W.2d at 697-98. Therefore, Whitehead's claim of a breach of the duty of good faith and fair dealing against Third-Party Defendants will be dismissed.

## IV. CONCLUSION

Third-Party Defendants SIG/SIG Insurance Services' and Talbert Troy Brimage's 12(b)(6) Motion to Dismiss (Doc. No. 22) is **GRANTED**. Whitehead's claim of a breach of the duty of good faith and fair dealing, in its Third-Party Complaint, is hereby **DISMISSED**.

**IT IS SO ORDERED.**

**SIGNED** this 20th day of January, 2011.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE